COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-254-CR

 

 

GLEN SMITH NEELY, JR.                                                      APPELLANT

A/K/A
GLEN NEELY SMITH, JR.

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Glen Smith Neely,
Jr. a/k/a Glen Neely Smith, Jr. appeals his conviction for aggravated robbery
with a deadly weapon.  In a single issue,
Neely argues that the trial court erred by accepting his guilty plea, which he
claims he entered involuntarily.  We will
affirm.








On January 8, 2007, Neely
entered an open plea of guilty to the charge of aggravated robbery with a
deadly weapon.  He also signed written
plea admonishments, a judicial confession admitting guilt, and a written waiverCjoined by his attorneyCwaiving his right to a jury trial, waiving all rights given to him by
law pursuant to code of criminal procedure article 1.14, and requesting
preparation of a presentence investigation report.

At the punishment hearing on
July 5, 2007, Neely testified that Denison and Tipp, two men purporting to be
friends of his ex-girlfriend, approached him at a car wash and asked if he
would take them to visit Monte Ferrell=s residence to sell some pills. 
Ferrell=s son
testified that his father, who was seventy-two years old, often helped others
by lending them money and that he regularly carried at least several hundred
dollars in cash on him.  Neely knew
Ferrell because Ferrell had lent money to Neely=s ex-girlfriend on a number of occasions in the past.








Neeley drove Denison and Tipp
to Ferrell=s apartment,
walked with them to the front door, and knocked on the door.  Ferrell answered the door just after Neely
had returned to his car, and Neely observed Denison and Tipp Ar[u]n up in the house.@  Neely testified that he
thought something bad was going to happen at that point.  He recounted that he wanted to leave, but ATipp . . . acted like he had something under his jacket@ or Ahe had his
hand in his pocket like he had something and I was thinking it was a gun.@  Neely left Ferrell=s residence with Denison and Tipp, and Denison gave Neely a cocaine
rock and ten dollars aftewards.

Ferrell suffered a depressed
skull fracture with a subdural hematoma, a broken scapula, and lacerations as a
result of his encounter with Denison and Tipp. 
Ferrell=s son opined
that it looked like they had kicked his fatherCwho is now in a wheelchair and requires significant careCin the head, and police thought between $1,000 and $2,500 had been
taken from Ferrell.  The trial court
questioned Neely about the facts surrounding his involvement in the incident,
and Neely testified in part that his only intention was for he, Denison, and
Tipp to sell Ferrell pills, that he did not knowingly participate in Ferrell=s robbery, and that he did not know that Denison and Tipp were going
to rob Ferrell.  Despite Neely=s testimony that he Acouldn=t believe
what happened,@ he further
testified that he had never sold Ferrell pills before and that he had spoken
with others about robbing Ferrell at some point before the incident, and he
agreed that he Ahad some
idea what might be going down by taking [Denison and Tipp] over there.@  Neely never sought to withdraw
his guilty plea, through a motion to withdraw or otherwise.  The trial court found Neely guilty, made an
affirmative deadly weapon finding, and sentenced Neely to twenty-five years= confinement.








Neely argues in his only
issue that his guilty plea was involuntary and that the trial court erred by
accepting it because he lacked the necessary intent to support his conviction;
because his credibility, which the trial court had questioned at the punishment
hearing, is irrelevant to a determination of the intelligent and voluntary
nature of a guilty plea; and because he denied Aboth knowledge of a plan to rob Mr. Ferrell and intent.@  He thus contends that A[t]he fact that he consistently denied any prior knowledge or intent
while consistently acknowledging his guilty plea demonstrates his failure to
understand that lack of a culpable mental state would result in acquittal and
that his conduct did not constitute the charged offense.@

The court of criminal appeals
has considered the issue of a trial court=s responsibility to withdraw a defendant=s plea of guilty in light of evidence that is inconsistent with the
plea, reasoning as follows:








As we
have said, a defendant=s
decision to plead guilty entails the waiver of some important, constitutional
rights. . . .  It is fitting that trial
courts have a duty to implement those rights, which shield each defendant at
the outset of every criminal proceeding. 
But after a court has fulfilled those duties and a defendant has made a
valid waiver of those rights, it is appropriate that the defendant be required
to take some affirmative action to don the armor again.  The number of cases in which defendants want
to Aunwaive@
their right to plead not guilty is small, the appearance of evidence that is
inconsistent with guilt is unpredictable, the significance of such evidence
should be more apparent to the defense than to the trial court, and cases are
common in which there is some evidence in the defendant=s
favor but the defendant . . . had validly chosen to plead guilty after weighing
the advantage of such a plea against the chance of acquittal.

 

In this case the appellant . . . wavie[d] his
right to a plea of not guilty. . . .  His
attention was specifically called to the inconsistency between his plea of
guilty and his testimony about lack of intent or knowledge. . . .  The appellant did not ask to withdraw his
plea.  If it had been in his interest to
do so, he would have known it.

 

It is reasonable to put on such a defendant the
requirement of timely seeking, in one way or another, to withdraw the plea of
guilty.  The appellant not having done
so, he may not complain for the first time on appeal that the trial court did
not do it for him.

 

Mendez v. State, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004).  Accordingly, although a defendant has the
right to withdraw his guilty plea in a timely fashion, the trial court has no
duty to sua sponte withdraw the plea in the absence of such a request.  Id.; Martinez v. State, No.
02-04-00019-CR, 2004 WL 1798091, at *2 (Tex. App.CFort Worth Aug. 12, 2004, no pet.) (mem op.) (not designated for
publication).








Here, Neely pleaded guilty to
the alleged offense, signed written plea admonishments and a judicial
confession admitting guilt, and waived all rights given to him by law pursuant
to code of criminal procedure article 1.14. 
He had the right to timely withdraw his guilty plea or attempt to
withdraw his guilty plea after the trial court took the case under advisement
or pronounced judgment.[2]  But at no point during the proceeding below
did Neely ask to withdraw his plea, even in light of numerous questions
propounded by the trial court upon him inquiring into the circumstances
surrounding the offense, which essentially called his attention to the alleged
inconsistency between his plea of guilty and his testimony about lack of
knowledge or intent.  In fact, Neely
expressly indicated his desire that the case go forward on his plea of guilty
and that he would object to the trial court returning the case to a jury for
trial.  The following exchange occurred:

The
Court: And you were specifically asking me to go forward, proceed with the
sentencing on the entire record and not return this case for trial; is that an
accurate statement?

 

[Neely]:
Yes.

 

[Defense
counsel]: Yes, Your Honor.

 

The
Court: In fact, you object to me returning it to a jury for trial if I wanted
to do that; is that still your position?

 

[Defense
counsel]: Your Honor, he=s
indicated he just wished to go forward.








        .
. . .

 

The
Court:  Knowing everything you know about
the law, the facts and everything that happened and discussing that in private
with your attorney and listening to everything that=s
been said today and the questions and everything else, as you sit there today,
you still persist in your guilty plea because you believe yourself to be
legally responsible as an accomplice to the actions of the other two gentlemen
that you=ve
described here today; is that correct?

 

[Neely]:
That=s
correct.

 

Because Neely did not ask to withdraw his guilty
plea in one way or another, he may not complain for the first time on appeal
that the trial court erred by accepting his alleged involuntary plea.  See Mendez, 138 S.W.3d at 350.  Consequently, Neely has forfeited his
complaint on appeal.  See id.; Emmett
v. State, Nos. 05-06-01098-CR, 05-06-01099-CR, 05-06-01100-CR,
05-06-01101-CR, 05-06-01102-CR, 2007 WL 1366044, at *2 (Tex. App.CDallas May 9, 2007, no pet.) (not designated for publication); Martinez,
2004 WL 1798091, at *2; see also Alrdrich v. State, 104 S.W.3d 890, 894B96 (Tex. Crim. App. 2003) (holding that, when defendant has waived
jury trial and pleaded guilty, trial court has no duty to conduct special
proceeding inquiring into voluntary nature of plea when evidence inconsistent
with guilt is introduced).  

 

 








We overrule Neely=s sole issue and affirm the trial court=s judgment.

 

DIXON W. HOLMAN

JUSTICE

PANEL B: 
LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)       

DELIVERED: 
May 1, 2008











[1]See Tex. R.
App. P. 47.4.





[2]See Gonzalez v. State, No. 02-07-00241-CR, 2008 WL
755514, at *1 (Tex. App.CFort Worth Mar. 20, 2008, no pet.
h.) (mem op.) (not designated for publication) (stating that defendant may
withdraw guilty plea as a matter of right without assigning reason at any time
before judgment has been pronounced or the case has been taken under
advisement, but that the withdrawal of the plea is within the sound discretion
of the trial court if defendant decides to withdraw guilty plea after the trial
court takes the case under advisement or pronounces judgment).